UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.  )<br>) Docket nos. 2:16-cr-00149-GZS<br>)                    2:19-cr-00055-GZS<br>JAMES ROBERTSON, )<br>)<br>Defendant.  )<br>) | |

ORDER ON MOTION FOR RELIEF
PURSUANT TO RULE 60(B) AND FIRST STEP ACT

Before the Court is Defendant James Robertson's pro se "Motion for Relief Pursuant to Rule 60(B) [and the] First Step Act" (ECF No. 123 in 2:16-cr-00149-GZS & ECF No. 102 in 2:19-cr-00055-GZS). Having reviewed the Motion and the related filings (ECF Nos. 106 & 127), as well as the entirety of the two associated dockets, the Court DENIES the Motion for the following reasons.

I.  **LEGAL STANDARD**

In 2018, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act" or "FSA"). Under section 403 of the First Step Act, "contemporaneous [18 U.S.C.] § 924(c) convictions no longer trigger[] [a] twenty-five-year mandatory minimum, which now applies only to defendants who violate § 924(c) after 'a prior conviction under [that] subsection has become final.'" United States v. Cruz-Rivera, 954 F.3d 410, 411 (1st Cir.), cert. denied, 141 S. Ct. 601 (2020) (quoting FSA § 403(a)).[1] Section 403 retroactively applies to an

---

[1] 18 U.S.C. § 924(c) makes it unlawful to "use[] or carr[y] a firearm" "during and in relation to any crime of violence or drug trafficking crime" or to "possess[] a firearm" "in furtherance of any such crime." It also mandates the imposition of one of several mandatory minimum penalties depending on the circumstances of the offense.

offense committed before the enactment of the First Step Act, "if a sentence for the offense has not been imposed as of such date of enactment." Id. (quoting FSA § 403(b)).

Section 404 of the First Step Act retroactively applies the Fair Sentencing Act of 2010, which raised the threshold cocaine-base quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b). See United States v. Smith, 954 F.3d 446, 447-48 (1st Cir. 2020). As a result, the First Step Act "offers certain persons convicted under § 841 prior to enactment of the Fair Sentencing Act a chance to seek a retroactively reduced sentence." Id. A prisoner seeking a reduced sentence under section 404 of the First Step Act must have committed the underlying offense before August 3, 2010. See FSA § 404(a). Even if a prisoner is eligible for a reduction under section 404, a court is not required to grant relief. See id. § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."); Smith, 954 F.3d at 452 ("The First Step Act gives district courts discretion to grant or deny a sentencing reduction.").

The First Step Act also amended 18 U.S.C. § 3582(c)(1)(A) to permit prisoners to bring their own motions for compassionate release under that subsection. See FSA § 603; United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("The First Step Act did not change the statutory criteria for compassionate release, but it did change the procedures, so that the Bureau of Prisons is no longer an obstacle to a court's consideration of whether compassionate release is appropriate."). 18 U.S.C. § 3582(c)(1)(A) "authorizes a court to reduce a term of imprisonment when 'extraordinary and compelling reasons warrant such a reduction'" and the prisoner seeking the reduction has exhausted his administrative remedies. United States v. Ruvalcaba, 26 F.4th 14, 18 (1st Cir. 2022).

To grant a motion under section 3582(c)(1)(A), "the district court must find both that the defendant has presented an 'extraordinary and compelling' reason warranting a sentence reduction and that 'such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" Id. at 18-19 (citations omitted). With respect to a prisoner-initiated motion under section 3582(c)(1)(A), however, there is no applicable policy statement that is binding on the Court's review of such motion. See id. at 23.[2] As such, when reviewing a prisoner-initiated motion for compassionate release, "district courts enjoy broad discretion[] and may conduct a holistic review to determine whether the individualized circumstances, taken in the aggregate, present an 'extraordinary and compelling' reason to grant compassionate release." United States v. Trenkler, 47 F.4th 42, 47 (1st Cir. 2022); see Ruvalcaba, 26 F.4th at 18-19 ("[A] district court, reviewing a prisoner-initiated motion for compassionate release . . . , may consider any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief.").

If a court determines that the defendant's motion has presented extraordinary and compelling reasons to warrant a sentencing reduction, it must then consider any applicable factors under 18 U.S.C. § 3553(a) "and 'determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" Ruvalcaba, 26 F.4th at 19 (quoting United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021)); see, e.g., United States v. Almeida, No. 2:11-cr-00127-DBH, 2021 WL 22332, at *2 (D. Me. Jan. 4, 2021) (denying compassionate release based on § 3553(a) factors after finding that defendant's medical conditions were extraordinary and compelling in light of the coronavirus pandemic).

---

[2] U.S.S.G. § 1B1.13, the Sentencing Commission's policy statement applicable to a compassionate-release motion brought by BOP, "nonetheless may serve as a non-binding reference" for a court's review of a compassionate-release motion brought by a prisoner. See Ruvalcaba, 26 F.4th at 23.

3

## II.     DISCUSSION

On May 3, 2017, the Court sentenced Defendant James Robertson to 30 months in prison, followed by three years of supervised release, for distribution of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (ECF No. 50 in 2:16-cr-00149-GZS, PageID # 109.)  On February 6, 2019, the Government filed a criminal complaint against Defendant for distributing cocaine base in January 2019, while he was on supervised release.  (ECF No. 3 in 2:19-cr-00055-GZS, PageID # 2.)  Defendant plead guilty to this charged violation of §§ 841(a)(1) and 841(b)(1)(C) on October 2, 2019.  (ECF No. 46 in 2:19-cr-00055-GZS.)  On November 16, 2020, the Court sentenced Defendant to 24 months in prison for violating the terms of his supervised release in 2:16-cr-00149-GZS. (ECF No. 105 in 2:16-cr-00149-GZS, PageID #s 173-74.)  The Court also sentenced him to 96 months in prison, to be served consecutively, for distribution of cocaine base in 2:19-cr-00055-GZS.  (ECF No. 86 in 2:19-cr-00055-GZS, PageID # 360.)

Defendant, now age 33, has served less than 50 percent of his 120-month sentence.  He is currently serving his sentence at FCI Coleman Medium and has a projected release date of August 28, 2027.[3]  In November 2021, Defendant submitted to the Warden of FCI Coleman Medium a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (See ECF Nos. 117-1 & 98-1.)  After that requested was denied, he filed with the Court a motion for compassionate release (ECF Nos. 114 & 94) in December 2021, citing kidney disease, essential primary hypertension, and asthma as conditions that put him at a higher risk of severe illness from COVID-19.  On February 28, 2022, the Court denied Defendant's motion. (See ECF Nos. 120 & 100.)  On September 30, 2022, Defendant filed the instant Motion (ECF Nos. 123 & 102), invoking section

---

[3] See https://www.bop.gov/inmateloc/ (last visited Nov. 29, 2022); see also ECF Nos. 117-3 & 98-3.

4

404(b) of the First Step Act and presenting several challenges to the bases of his conviction and sentencing.

The Court concludes that Defendant is ineligible for a reduced sentence under section 404(b) of the First Step Act because his underlying cocaine-base offense was committed after August 3, 2010.[4] See FSA § 404(a) (limiting "covered offenses" to those committed before August 3, 2010); United States v. Valdez, 834 F. App'x 979, 980 (5th Cir. 2021) ("Because [the defendant]'s offense was not committed before August 3, 2010, it was not a covered offense for purposes of the Fair Sentencing Act . . . ."). Because Defendant was sentenced for distribution of cocaine base in 2019, "his term of imprisonment already accounted for the [2010] changes to the cocaine base minimums." United States v. Carter, No. 2:15-CR-00012-DBH-1, 2020 WL 5880466, at *1 (D. Me. Oct. 2, 2020), report and recommendation adopted, 2020 WL 6487192 (D. Me. Nov. 4, 2020). Additionally, although Defendant asserts that he received a sentencing enhancement under 18 U.S.C. § 924(c), there is no support in the record for such assertion.[5] As the Government notes, Defendant was never charged under 18 U.S.C. § 924(c) in either of his two cases. (See ECF No. 127, PageID # 316; ECF No. 106, PageID # 508.)[6] Thus, section 403(c) of

---

[4] To the extent Defendant also seeks a reduced sentence under section 404(b) for fentanyl distribution (his 2016 conviction), the Court notes that "[t]he Fair Sentencing Act and the First Step Act did not retroactively change the penalties applicable to defendants whose conduct did not involve cocaine base." United States v. Ortiz-Islas, No. 1:12-CR-00125-JAW-3, 2020 WL 2564670, at *1 (D. Me. May 20, 2020), report and recommendation adopted, 2020 WL 3840417 (D. Me. July 8, 2020). Additionally, that offense was also committed after August 3, 2010.

[5] See ECF No. 123, PageID # 299 ("The government did not presents [sic] its reasons for pursuing a 924(c) enhancement . . . ."); ECF No. 102, PageID # 491 (same).

[6] As previously noted, Defendant was not charged or sentenced under 18 U.S.C. § 924(c), despite his possession of a firearm while distributing cocaine base. In calculating Defendant's offense level for the purpose of sentencing him for cocaine base distribution, the Court applied a two-point enhancement for possessing two firearms in connection with that offense. See ECF No. 93 in 2:19-cr-00055-GZS, PageID # 435. Even had Defendant been charged and sentenced under 18 U.S.C. § 924(c), he would not be eligible for relief under section 403 of the First Step Act because he was sentenced after the enactment of the First

the First Step Act, which reduced the penalties for certain § 924(c) offenses, is equally inapplicable.

To the extent Defendant's Motion constitutes a renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court concludes that he is ineligible for relief under that statute as well. Critically, Defendant has not shown that he has exhausted his administrative remedies with respect to the instant Motion. As the Government notes, "Defendant has not provided this Court with a copy of any subsequent request for compassionate release that he may have submitted to" the Bureau of Prisons ("BOP"), "[n]or has he provided . . . any sworn statements about his efforts to exhaust his administrative remedies within [] BOP." (ECF No. 127, PageID # 313; ECF No. 106, PageID # 505.) The administrative exhaustion requirement of section 3582(c)(1)(A) is "a non-jurisdictional claim-processing rule" and is therefore mandatory unless waived or conceded by the Government. See United States v. Texeira-Nieves, 23 F.4th 48, 53 (1st Cir. 2022); see also United States v. Hassan, No. 2:16-cr-00084-JDL, 2020 WL 6163125, at *2 (D. Me. Oct. 21, 2020). Here, the Government has raised an exhaustion objection to Defendant's Motion. (See ECF No. 127, PageID #s 312-13, 315-16; ECF No. 106, PageID #s 504-05, 507-08.) Thus, Defendant's pending request for compassionate release is subject to dismissal without prejudice based on his failure to exhaust. To the extent Defendant seeks to file a renewed motion for compassionate release, he must establish that he has presented the current basis for his requested sentence reduction to BOP and that BOP has denied his request or failed to respond to his request within 30 days of receipt. See 18 U.S.C. § 3582(c)(1)(A).

---

Step Act. See FSA § 403(b) (allowing section 403 relief for offense committed before First Step Act's enactment in December 2018 "if a sentence for the offense has not been imposed as of such date"); ECF No. 86 in 2:19-cr-00055-GZS, PageID # 360 (November 2020 judgment for cocaine base distribution).

Finally, Defendant's attempt to obtain relief under Federal Rule of Civil Procedure 60(b) fares no better. Rule 60(b), which enables a court to "relieve a party . . . from a final judgment, order, or proceeding" for certain reasons delineated therein, applies only to civil cases. See Fed. R. Civ. P. 60(b); Fed. R. Civ. P. 1(a)(1). As such, it is inapplicable here.

For the foregoing reasons, the Court DENIES Defendant's Motion (ECF No. 123 in 2:16-cr-00149-GZS & ECF No. 102 in 2:19-cr-00055-GZS).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 29th day of November, 2022.